# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

WILLIE SCOTT                                                                          PETITIONER


v.                                      NO. 5:13CV00369 JLH/HDY


RAY HOBBS, Director of the                                                      RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, Arkansas 72201-3325

<u>RECOMMENDATION</u>

In February of 2011, petitioner Willie Scott ("Scott") allegedly attempted to touch another Arkansas Department of Correction ("ADC") inmate in an inappropriate manner. <u>See</u> Document 9, Exhibit E. The inmate complained to ADC officials, and they began an investigation into the incident. They obtained a statement from Scott, who did not deny reaching on or under the other inmate's blanket but denied touching, or attempting to touch, him in an inappropriate manner. <u>See</u> Document 9, Exhibit D. They also obtained a statement from the other inmate, who represented the following:

> I ... was having a conversation with ... Scott. It was [during] the time of the conversation that Scott said he was getting hot. Scott then walked to my bunk where I was on the top and started to put his hands under my sheets and touching my leg asking could he please touch it. He just kept saying can I please touch it, you made me hot. I said no several times and was pushing his hands back. At no time did he touch my penis.

<u>See</u> Document 9, Exhibit C at 1. On the heels of the investigation, ADC Officer Jimmy Coleman ("Coleman") charged Scott with several rule violations pending a disciplinary court review. <u>See</u> Document 9, Exhibit E at 1.

Six days after the incident, ADC officials conducted a disciplinary court review. On the basis of Coleman's statement, the incident reports prepared by other ADC officials, and the statements given by Scott and the other inmate, Scott was convicted of the rule violations. <u>See</u> Document 9, Exhibit F. He was sentenced to punitive isolation, reduced in class, and stripped of 6,214 days of good time.

Scott thereafter filed a complaint pursuant to 42 U.S.C. 1983 and challenged the February of 2011 disciplinary. <u>See</u> <u>Scott v. Coleman</u>, 5:11CV00269 JJV. United States Magistrate Judge Joe J. Volpe, Jr., summarized the complaint as follows:

> In his Amended Complaint, Plaintiff alleges Lt. Coleman falsely charged him with a disciplinary violation at the Cummins Unit on February 9, 2011, without questioning him about the incident. Plaintiff also claims that while Sgt. Rayner asked him to write a witness statement about the incident and gave it to Lt. Coleman, Rayner later wrote a false statement to support the charges against Plaintiff, which became the evidence relied upon to convict him. ... He claims that Deputy Warden Weekly transferred him in March 2011 to the VSM, where he was placed in punitive isolation for 158 days without notice of a disciplinary charge. He was incarcerated there without air conditioning, television, and commissary, and claims this violated his due process rights. Plaintiff asks for damages from the Defendants.

<u>See</u> <u>Scott v. Coleman</u>, 5:11CV00269, Document 9 at 3. Judge Volpe recommended that the complaint be dismissed. With regard to Scott's claim concerning the disciplinary proceeding, Judge Volpe was of the opinion that it was barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). United States District Judge D.P. Marshall Jr. adopted the recommendation and dismissed the case with prejudice.

Scott appealed the dismissal of his complaint to the United States Court of Appeals for the Eighth Circuit. With regard to his claim concerning the disciplinary proceeding, the Court of Appeals affirmed the dismissal but modified the dismissal to be without prejudice so he could re-file the claim if he satisfied the requirements of <u>Heck v. Humphrey</u>. <u>See</u> <u>Scott v. Coleman</u>, 493 Fed. Appx. 810, 2012 WL 5233519 (8th Cir. 2012).

-4-

Scott then filed the petition at bar pursuant to 28 U.S.C. 2254 and again challenged the February of 2011 disciplinary. Although he offered few facts to support his challenge, he offered a declaration in which he alleged the following:

> ... I ... file [an] affidavit to the dishonestly writing of a disciplinary by Lt. Jimmy Coleman ... He stated he did interview me (he didn't) about the allege[d] incident of 2-9-11. So I requested a "CUSA" test be done on Lt. Coleman, Sgt. Rayner, and myself but the Deputy Warden Weekly, Internal Affairs Director, all overlooked my request to clear me of the disciplinary.
>
> ... I ... file another affidavit about the same disciplinary that was dishonestly written by Lt. Coleman ... This is not the first time Lt. Coleman has falsify documents (the warden ... sent him home for lying or doing wrongful acts on inmates) to get inmates sent to punitive isolation. I also requested that a "CUSA" test be done, asking the same above departments Deputy Warden Weekly, Internal Affairs Director. ...

See Document 1 at 6.

Respondent Ray Hobbs ("Hobbs") filed a response to Scott's petition and asked that it be dismissed. Hobbs so asked for the following three reasons: first, the petition is barred by limitations; second, its only claim has not been exhausted; and third, the claim has no merit.

Scott filed a reply to Hobbs' assertions. With regard to the assertion that Scott's claim has no merit, Scott again maintained that Coleman authored a false disciplinary report because he represented to have interviewed Scott when Coleman did not. Scott also maintained that despite Coleman's representation in the charging statement, Scott never admitted to touching the other inmate in an inappropriate manner.

Having reviewed the record, it is not necessary to resolve questions involving limitations or exhaustion. It is not necessary because Scott's claim warrants no relief. It is therefore recommended that the petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs. It is also recommended that a certificate of appealability be denied.

"In a prison disciplinary proceeding, the prisoner must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, consistent with correctional goals and safety, to call witnesses and present a defense; and (3) a written statement of the evidence relied upon by the fact finder and the reasons for the disciplinary action." See Dible v. Scholl, 506 F.3d 1106, 1110 (8th Cir. 2007) [citing Superintendent v. Hill, 472 U.S. 445 (1985); Wolff v. McDonnell, 418 U.S. 539 (1974)]. The requirements of due process are satisfied if there is "some evidence" in the record to support the disciplinary action. See Superintendent v. Hill, supra. (relevant question is whether there is some evidence supporting conclusion reached by disciplinary board).

Scott does not allege that he failed to receive advance written notice of the disciplinary charges, was not accorded an opportunity to call witnesses and present a defense, or was not given a written statement of the evidence relied upon by the fact finder and the reasons for the disciplinary action. His only allegations are that the charging statement was false because, despite Coleman's representations to the contrary, Coleman never interviewed Scott and Scott did not admit to touching the other inmate in an inappropriate manner.

The undersigned has reviewed the record and finds that Scott's claim warrants no relief for at least three reasons. First, other than his assertion to the contrary, he has offered no credible evidence to contradict Coleman's representation that they spoke about the incident during the investigation. Although their conversation may not have been in the context of a formal interview, Scott has offered nothing to overcome Coleman's representation that they at least spoke at some point.

Second, a fair construction of Coleman's representations does not reveal his claim that Scott admitted touching the other inmate in an inappropriate manner. Instead, Coleman represented the following: (1) "[Scott] did admit that he did reach his hand under [the other inmate's] sheet but did not touch him on his penis," see Document 9, Exhibit B at 2; (2) "[Scott admitted] that he did in fact reach his hand underneath [the other inmate's] sheet," see Document 9, Exhibit B at 2; and (3) "[Scott] did admit that he did reach his hand under [the other inmate's] sheet but did not touch him on his penis," see Document 9, Exhibit E at 1. In fact, Coleman's representations are largely consistent with Scott's own admission that he "grab[bed] [the other inmate's] blanket and ask[ed] him was he for real." See Document 9, Exhibit D at 1.

Third, assuming arguendo that Coleman's representations were indeed false, and Coleman never spoke with Scott during the investigation and falsely represented that Scott admitted to touching the other inmate in an inappropriate manner, there is other evidence to support the disciplinary given Scott. The other inmate represented in his statement that "Scott walked to [the other inmate's] bunk where [the other inmate] was

on the top and [Scott] started to put his hands under [the other inmate's] sheets and touching [the other inmate's] leg asking could [Scott] please touch it." See Document 9, Exhibit C at 1. The other inmate's statement is "some evidence" to support the disciplinary, and the disciplinary court could and did rely upon the other inmate's statement in punishing Scott.

Given the foregoing, the undersigned finds that Scott's claim warrants no relief. It is therefore recommended that the petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.[1]

DATED this ____13____ day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]

One concluding note is in order. The record reflects that Scott was stripped of 6,214 days of good time. The reason given for Scott's punishment was as follows: "Inmate is a Class III Inmate with several sexual violation[s] of such this Inmate must learn that such behavior will not[] be tolerated." See Document 9, Exhibit F at 3.